UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:02-cr-0126-TWP-DML-1 |
| | ) | |
| KIVIN GARDNER, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on November 4, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on November 25, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On November 25, 2013, defendant Kivin Gardner appeared in person with his appointed counsel, Mike Donahoe. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Diane Asher, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The court advised Mr. Gardner of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Gardner questions to ensure that he had the ability to understand the proceedings and his rights.

2.      A copy of the Petition was provided to Mr. Gardner and his counsel, who informed the court they had reviewed the Petition and that Mr. Gardner understood the violations alleged.  Mr. Gardner waived further reading of the Petition.

3.      The court advised Mr. Gardner of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Gardner was advised of the rights he would have at a preliminary hearing.  Mr. Gardner stated that he wished to waive his right to a preliminary hearing.

4.      Mr. Gardner stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.  Mr. Gardner executed a written waiver of the preliminary hearing, which the court accepted.

5.      The court advised Mr. Gardner of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6.      The government dismissed Violation Number 1 set forth in the Petition.  Mr. Gardner, by counsel, stipulated that he committed Violation Numbers 2 through 5  set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 4 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | On September 27, 2013, Mr. Gardner provided a urine specimen which was confirmed positive for marijuana by Alere Laboratory.  Mr. Gardner admitted smoking marijuana and signed an admission report of positive urinalysis. |
| | As previously reported to the Court, on January 30, and February 9, 2013, Mr. Gardner provided urine specimens which tested positive for marijuana.  Mr. Gardner admitted smoking marijuana and signed an admission report of positive urinalysis form. |
| 5 | **"The defendant shall participate in a program of testing an/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."** |
| | On March 18, and May 23 and 29, 2013, Mr. Gardner failed to report for random drug screens. |

7.     The court placed Mr. Gardner under oath and directly inquired of Mr. Gardner whether he admitted violations 2 through 5 of his supervised release set forth above.  Mr. Gardner admitted the violations as set forth above.

8.     The parties and the USPO further stipulated that:

(a)     The highest grade of Violation (Violation 2) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

3

      (b)     Mr. Gardner's criminal history category is 6.

      (c)     The range of imprisonment applicable upon revocation of Mr. Gardner's supervised release, therefore, is 8 - 14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9.     The parties disagreed on the appropriate disposition of the Petition.  The government requested that Mr. Gardner's supervised release be revoked and deferred to the court's judgment as to the term of imprisonment.  Mr. Gardner argued that the court should either (1) hold disposition in abeyance and set the matter for hearing in a few months to permit him to continue his employment and to receive treatment for his substance abuse and depression, or (2) modify the terms of probation to include a period of home detention.

10.     The court heard argument by counsel for the government, who pointed to the defendant's multiple violations throughout the period of his supervised release and maintained that the defendant should suffer some consequence of these violations.

11.     Mr. Gardner's counsel argued that Mr. Gardner showed great persistence in obtaining employment at UPS and has acknowledged and sought professional help for his substance abuse (marijuana) problem.  He maintained that the best disposition of the violation would be one that allows the employment and treatment to continue.  Mr. Gardner also addressed the court, taking responsibility for his mistakes, expressing his commitment to "straighten [his] walk up," and apologizing for disrespecting the court.

12.     The court further heard from United States Probation Officer Diane Asher, who urged the court not to hold the disposition under advisement because, if Mr. Gardner committed another violation, her office would simply file another petition, which would itself lead to another hearing.  Officer Asher also advised that Mr. Gardner has now been testing negative for prohibited substances, has been working steadily at UPS and seeking treatment, and is "on track."  She recommended home detention or commitment to VOA.

13.     Having considered the evidence and argument, the court determines with respect to disposition that:  (a) Mr. Gardner has taken steps to address the problems that resulted in his violation of the terms of probation and that his treatment should continue; (b) Mr. Gardner has also shown initiative and persistence in obtaining good employment, and that the aims of justice are best served by a disposition that allows that continued employment; (c) the terms of probation should be modified to reflect the seriousness of his violations and also to further the likelihood of Mr. Gardner getting and keeping his life "on track."

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, KIVIN GARDNER, violated the above-specified conditions in the Petition and that his conditions of supervised release should be and therefore are **MODIFIED** to include:

1.  The defendant shall participate in a program of mental health and substance abuse treatment as directed the probation officer; and,

2.  The defendant shall be monitored by Radio Frequency (RF) Monitoring for a period of 3 months, to commence as soon as practical, and shall abide by all technology requirements.  The defendant shall pay all or part of the costs of participation in the program as directed by the court or probation officer.  This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release:  the defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental

health treatment; attorney visits; court-ordered obligations; or other activities as pre-approved by the probation officer.


   The district judge may reconsider *de novo* the findings and recommendations of a magistrate judge as provided by 28 U.S.C. § 636(b)(1)(B) and (C).  Any party desiring review has fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings and recommendations of this magistrate judge.

   WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Gardner's supervised release as set forth above.

   IT IS SO RECOMMENDED.


Date:   01/02/2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana




Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office

United States Marshal