UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:02-cr-0126-TWP-DML |
| | ) | |
| KIVIN GARDNER, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On November 2, 2017, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on September 1, 2017. Defendant Gardner appeared in person with his appointed counsel Dominic Martin. The government appeared by Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Jay Hardy.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Gardner of his rights and provided him with a copy of the petition. Defendant Gardner orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Gardner admitted violations 1 and 2. [Docket No. 27.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."**<br><br>On January 30, February 9, September 27, 2013, and July 24, 2015, the offender submitted urine samples which tested positive for marijuana. Mr. Gardner admitted he used marijuana for all the above noted positive urine screens. |
| 2 | **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."**<br><br>On March 18, May 23, and 29, 2013, the offender failed to report for random drug screens.<br><br>On July 24, 2015, while submitting a urine specimen for testing Mr. Gardner utilized a device with alternative urine. |

4. The government orally moved to dismiss violation 3 and the same granted.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category VI.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. Parties jointly recommended a sentence of nine (9) months with no supervision to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of nine (9) months with no supervised release to follow. The Defendant is released on current conditions of supervised release pending the

District Judge's action on this Report and Recommendation.  Defendant is to self-report upon designation by the Bureau of Prisons.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  11/09/2017

/s/ Magistrate Judge David E. Jones, sitting by designation

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal